## Duncansville Building & Loan Association *v.* Ginter, Appellant.

*Deed—Husband and wife—Estoppel—Evidence.*

Where a husband takes title to real estate in his own name and gives his judgment note for the purchase money, and his wife has full knowledge of the deed, and permits her husband to mortgage the property twice with her full knowledge, she cannot after the expiration of sixteen years, and after the property has been sold in foreclosure proceedings under the second mortgage claim that she had paid for the property out of her own money, and that the deed had been made to her husband by mistake.

In such a case where the deed to the husband shows on its face that the grantor who was a justice of the peace took his own acknowledgment, it is not error for the court after it had admitted the record of the deed in evidence, to permit the plaintiff in rebuttal to produce in evidence the deed itself, there being proof of the execution and delivery of the deed.

Argued Oct. 29, 1903.  Appeal, No. 149, Oct. T., 1903, by defendants, from judgment of C. P. Blair County, June T., 1902, No. 157, on verdict for plaintiff, in case of Duncansville

Building & Loan Association v. Isabella Ginter and William P. Ginter. Before RICE, P. J., BEAVER, ORLADY, PORTER, HENDERSON and MORRISON, JJ. Affirmed.

Ejectment for land in Duncansville. Before SHULL, P. J., specially presiding.

The facts are stated in the opinion of the Superior Court.

At the trial the following offer was made :

Mr. Baldridge for plaintiff: I offer deed from George M. Seibert to William P. Ginter, dated July 1, 1855, recorded in deed book 58, page 450, for a lot of ground lying and being situated in that part of the town of Duncansville, Blair county, known as Seibertsville, fronting 50 feet on Seibert street and extending back 140 feet to an alley. Consideration, $125.

Mr. Greevy: Objected to, for the reason that George M. Seibert, the grantor in the deed, acknowledged the deed before himself, as a justice of the peace. The deed, therefore, is not admissible, having been acknowledged in the manner stated.

Mr. Baldridge: In reply to the objection I would state that George M. Seibert, or his grantees, are estopped from raising that question ; in addition, it is too late to raise it after a lapse of sixteen years. It certainly does not lie in the mouth of a party claiming under the deed to raise that question now ; if they desired to raise that question, it should have been done in their pleadings, under the act of 1892, requiring all special or equitable matter to be set out in the affidavit of defense.

The Court: For the present the evidence is admitted. [1]

Mr. Baldridge in rebuttal calls upon the defendant to produce the original deed between Seibert and Ginter.

Mr. Greevy asks the purpose.

Mr. Baldridge replies in view of the position taken by defendant, that Mr. Seibert, the justice of the peace, is the same party who is grantor in said deed.

Mr. Greevy : Objected to. It is not rebuttal, contradicting anything offered by defendants. Second. The deed having been acknowledged by the grantor before himself, as justice of the peace, it is inadmissible. Third. It is irrelevant and immaterial.

The Court: It is not strictly rebuttal, yet, under the particular exigencies of this case, it is admitted. [2]

The court charged in part as follows:

[We say to you that even the title to this property was in Isabella Ginter; that is, if you find in the first instance that that she paid the money for the land, by reason of which the title would belong to her, if she did any act after that which would induce some one to lend money to her husband, by reason of the title, whether in her or her husband, that then would estop her from claiming the title to this property; in that connection take into consideration her evidence regarding the loan made from the Fidelity Association which, she says, she paid from time to time with money derived from her husband and son. Also consider her testimony on cross-examination as to the amount yet due the Fidelity, viz: $440. Did she have such knowledge then as would induce you to believe that she was satisfied that money be forthcoming from another source than the Fidelity in order to liquidate the debt? If she had such knowledge, and by her conduct led the plaintiff to lend this money to her husband, on the strength of this property, then it matters not where the title rested, the property would have to go to the liquidation of the debt. She must be plain, open and free from anything tending to show that she was playing double, or attempting to impress the plaintiff with the fact that she had title to the property and at the same time permitting them to lend money to her husband. At the time the money was loaned did she disclose to the representatives of the association that the title to the property belonged to her?] [5]

Verdict and judgment for plaintiff. Defendant appealed.

*Errors assigned* were (1, 2) rulings on evidence; (5) portion of charge as above, quoting it.

*Thomas H. Greevy*, with him *John F. Sullivan*, for appellant. —Although the deed was recorded, it was not entitled to be under the law and should have been treated as though no record was ever made of it: Kelly v. Dunlap, 3 P. & W. 136; Kerns v. Swope, 2 Watts, 75.

The grantor in a deed cannot take his own acknowledgment of it before himself in his official capacity: Davis v. Beazley, 75 Va. 491; Penn v. Garvin, 56 Ark. 511 (20 S. W. Repr. 410).

This deed, being illegally acknowledged, is not even constructive notice to the plaintiffs of ownership in William P. Ginter; on the contrary, it is such notice as puts them on inquiry as to who the real owner is : Heister v. Fortner, 2 Binney, 40 ; McKean & Elk Land Improvement Co. v. Mitchell, 35 Pa. 269.

*Thomas J. Baldridge*, with him *John M. Kyle*, for appellee. —Assume that the acknowledgment of the deed is defective, it in no way affects the force of the deed.    The acknowledgment is not an essential part of the instrument; its function is to give notice of the transaction, and as to the parties thereto and to parties with actual notice, neither an imperfect acknowledgment nor a total want of any acknowledgment affect the validity of the conveyance : Heister v. Fortner, 2 Binney, 40 ; Cable v. Cable, 146 Pa. 451.

The courts of this state have uniformly held that when property is claimed by a married woman against her husband's creditors she must show by evidence that is clear, unequivocal and convincing that she owned the property at the time of her marriage, or afterwards derived it by gift, devise, or purchase, and if by purchase she must distinctly show that it was paid for with funds not derived from her husband : Reno v. Moss, 120 Pa. 49 ; Williams v. Milligan, 183 Pa. 386 ; Gamber v. Gamber, 18 Pa. 363.

OPINION BY MORRISON, J., December 19, 1903 :

This is an action of ejectment brought by the plaintiff against the defendants for certain real estate in the borough of Duncansville, Blair county.    It resulted in verdict and judgment in favor of the plaintiff.    Hence this appeal by the defendants.

The common source of title was agreed to be John Fitzharris, administrator of John Seibert, and the plaintiff put in evidence a deed from him to George M. Seibert, recorded in deed book 57, page 289 of the records in the recorder's office of Blair county. This was followed by a deed from George M. Seibert to William P. Ginter, one of the defendants, dated July 1, 1885, and recorded in the proper office in Blair county on October 19, 1885.    The plaintiff next put in evidence a mortgage to it from William P. Ginter, dated August 17, 1893, for $1,000, covering the premises in controversy.    This mortgage was duly

foreclosed to No. 64, March term, 1899, and the amount due thereon reduced to judgment, to wit: $1,288.31. Upon this judgment a writ of levari facias was issued, and the sheriff of said county duly sold the premises in dispute to the plaintiff, and executed and delivered to it a deed for the same.

The defense attempted to be made on the part of Isabella Ginter is that the deed of July 1, 1885, for the premises in question ought to have been made to her, that she paid the consideration money and that the conveyance to William P. Ginter was by fraud or mistake, and therefore he holds the property as trustee for her. The learned judge admitted the evidence and submitted the question thus raised to the jury in a charge which we regard as entirely fair to Isabella Ginter. The jury was instructed that if she paid for the land out of her own money and had done nothing thereafter to estop her from setting up a title to the premises and if the jury found this in her favor and that the deed was in fact made to her husband by fraud or mistake, then the plaintiff could not recover. An examination of the testimony convinces us that the case was well tried and that a just and legal result was reached. We think the evidence was sufficient to warrant the jury in finding that the lot in question was not paid for by Isabella Ginter, but that her husband gave his judgment note for the full amount of the purchase money on the day that the deed was executed and delivered to him; that there was no mistake or fraud in the making of the deed to William P. Ginter, but on the contrary it was made and delivered in accordance with the agreement and understanding of all the parties interested. That Isabella Ginter receipted to the recorder of Blair county for this deed on March 15, 1886, and retained it in her possession for many years thereafter, and that she must have known during all these years that the deed was made to her husband; that on October 26, 1885, William P. Ginter, with the knowledge of his wife, borrowed from the Fidelity Building and Loan Association about $1,200 on the strength of his title evidenced by this deed; that from this money William P. Ginter paid the purchase money note given on the day the deed was made to him; that Isabella Ginter paid the dues to the said Building and Loan Association by money received from her husband and son from month to month until August 17, 1893, when judg-

ment was liquidated in favor of said Building and Loan Association for the balance due on said loan; to wit: $440; that William P. Ginter then borrowed from the Duncansville Building and Loan Association $1,000 and gave the mortgage on said lot, which was put in evidence on the trial by the plaintiff. That Isabella Ginter knew of this loan and mortgage, and that it was based upon the title of her husband under the deed of July 1, 1885; that from July, 1885, down to the date of the bringing of this suit William P. Ginter and Isabella, his wife, were in possession of the premises in dispute, and their only claim of title was the deed of July 1, 1885.

After holding possession of the premises in dispute under the deed of July 1, 1885, for about sixteen years Isabella Ginter sets up ownership of the lot as a defense to this suit on the ground that the deed was made to her husband by fraud or mistake and that he holds the premises as her trustee. At the trial her counsel objected strongly to the record of the deed of July 1, 1885, going in evidence because the grantor, George M. Seibert, acknowledged it before himself, he being a justice of the peace. The court admitted the record in evidence and subsequently permitted the plaintiff to put the original deed in evidence in rebuttal, and the admission of the record as well as the admission of the deed is assigned for error. The testimony showing that the defendants had held possession of the premises for about seventeen years under this deed, and the defendant, William P. Ginter, had twice mortgaged the same with the knowledge of his wife, we are not surprised that the learned judge admitted the record of the deed in evidence, nor are we surprised when the counsel for Mrs. Ginter complained of this that he permitted the deed to be put in evidence as a part of the plaintiff's case in rebuttal. The order of the admission of evidence is in the discretion of the court and is not ground for error except for a clear abuse of such discretion, which appears to be unjust or illegal. When the learned counsel for the defendants objected so strenuously to the record going in evidence, and when it appeared that the defendants had the deed in court, which was executed and delivered to William P. Ginter on July 1, 1885, and there being sufficient evidence that Isabella Ginter knew of this deed, and that it was to her husband,

during a period of about sixteen years, we think the learned court did not err in allowing the plaintiffs to put the original deed in evidence at any stage of the trial, and to have excluded this deed upon the facts as they appeared at the time it was offered would have been a travesty of justice.   Let it be conceded that the acknowledgment of this deed by the grantor before himself was irregular, yet it was executed and delivered on the day of its date, and William P. Ginter caused it to be recorded, and Isabella Ginter receipted for it to the recorder and held possession of it for many years, and knew that her husband had twice mortgaged the premises on the strength of this deed, and it was the evidence of title under which the defendants were in possession, and we regard it eminently proper for the court to permit it to go in evidence.

In our opinion the verdict and judgment in favor of the plaintiff is justified, first, on the ground that William Ginter purchased the lot and gave his judgment note for the purchase money and that the conveyance was made to him without any mistake or fraud.   Second, if this is not so then the conduct of Mrs. Ginter during the sixteen years or more between the date of the deed and the bringing of this ejectment was such as to estop her, and she was not entitled to be heard in this case in her contention that William P. Ginter held the title in trust for her.

The assignments of error are all dismissed and the judgment is affirmed.